MANUEL, FELIPE, AND MAGDELINA SALCEDO ET AL., Complainants,

*v.*

JOSÉ ALVAREZ GONZALEZ, THE FAJARDO SUGAR GROWERS ASSOCIATION, ET AL., Dfts.

---

San Juan, Equity, No. 957.

ON RULE TO SHOW CAUSE.

Rule to Show Cause—Parties.
    Where the rule to show cause orders certain parties to appear

Salcedo v. Gonzalez.

either personally or by their duly authorized attorney in fact, they must all appear in court either personally or by their duly authorized attorney in fact, and a sworn statement by one of them that he appears for the others is insufficient to prove his authority; neither can the fact that they have authorized an attorney at law to represent them in the proceedings relieve them from the duty of appearing as directed in the rule.

Opinion filed July 25, 1916.

*Messrs 'Arturo Aponte, Jr.,* and *F. H. Dexter* for complainants.

*Mr. George D. Graves* for defendants.

HAMILTON, Judge, delivered the following opinion:

In this case the plaintiffs recovered a judgment for a certain piece of land, and now on July 19th the defendant, the Fajardo Sugar Growers Association, files a petition asking for a rule upon the plaintiffs, ordering them to appear before this court, either personally or by their duly authorized attorney in fact, to show cause why a certain agreement of June 9, 1916, what purports to be a copy of which is annexed, should not be carried out and the deed therein called for executed.

This agreement of June 9th is called a stipulation, and it appears to be executed by Henry G. Molina as attorney for plaintiffs on the one side, and George D. Graves, attorney for the Fajardo Sugar Growers Association on the other, and it provides for the settlement of the judgment upon certain terms, part of which is the delivery of the land to the Fajardo company.

That petition was followed by a rule to show cause signed by

the judge of this court July 19th, the same day as the petition. This rule or order follows the wording of the petition, and it is ordered that the plaintiffs appear before this court at 2 o'clock in the afternoon on the 24th of July, either personally or by their duly authorized attorney in fact, and show cause why the agreement of settlement entered into by and between the said plaintiffs, represented by their solicitor Henry G. Molina, and the defendant Fajardo Sugar Growers Association, should not be carried into effect as stipulated, and plaintiffs execute a good and sufficient deed, transferring all their rights, title, and interest in and to the property described in their complaint herein to the Fajardo Sugar Growers Association for and in consideration of the payment of the balance of three thousand dollars ($3,000) to be paid therefor by said defendant as agreed upon.

Now on this day at 2 o'clock, there appears as filed in this case a return of the plaintiffs to the rule to show cause. Plaintiffs above named were served according to the return of the marshal and now appear by their attorneys, Arturo Aponte, Jr., and Francis H. Dexter, who have been retained by them to represent them in this matter because the acts of their former attorney, Henry G. Molina, as set forth in the petition in the rule to show cause, and as hereinafter set forth, are in conflict with the rights of these plaintiffs. The plaintiffs except to the jurisdiction of the court, because the defendant by this proceeding seeks to usurp the ordinary jurisdiction of this court for the trial of suits in the ordinary sense of the term, and particularly the jurisdiction of this court in equity for specific performance of a contract. They allege the court has no power to compel the plaintiffs to make the deed requested, since they deny the power and authority of their former attorney, Henry G. Molina, to

bind them in the manner and to the extent which he purported to do in and by the contract of June 9, 1916. If the defendant has any right of action under the alleged agreement, it can only be enforced against the plaintiffs in an appropriate action in equity, and not by these informal proceedings.

Then, subject to that exception, comes an answer showing that on March 6, 1912, plaintiffs made an agreement with Mr. Molina to institute a suit, and part of the contract is set out. The suit was instituted. A decree was rendered in favor of the plaintiffs, establishing the title and providing that the Fajardo Sugar Growers Association should pay to plaintiffs on account of rents and profits the sum of $1,333.79, and so on. This was on April 7th.

Plaintiffs say that the stipulation set out in the petition for a rule to show cause was unauthorized by them and contrary to the provisions of the contract made by them with Henry G. Molina. That they had no knowledge of this stipulation until June 23d, when all the plaintiffs excepting two met at Naguabo with Molina for the purpose, as they understood and believed, of transferring to him a one-half interest in the property in accordance with the contract, but the stipulation as to the Fajardo company the plaintiffs refused and still refuse to consent to. They represent that Mr. Molina has been acting as attorney for the Fajardo Sugar Company and other allied corporations. This is signed by Mercedes Salcedo Lebron in representation of all the plaintiffs herein, by Francis H. Dexter and Arturo Aponte, their attorneys, and is sworn to by Mercedes Salcedo Lebron, who says upon his oath that he is one of the plaintiffs in the above-entitled cause; that he has been duly authorized by the other plaintiffs herein to represent them in connection with

PORTO RICO

Salcedo v. Gonzalez.

the rule to show cause; and that the matters and facts herein-above set forth are true, except as to such facts as are set forth upon information and belief, and as to these facts he verily believes them to be true.

Upon those papers comes up the question of what is the condition of the case and what is the duty of the court. It seems to me that there are two matters,—one is as to the return on the rule to show cause, and the other is as to the proper procedure against the plaintiffs. Now the second, the proper procedure against the plaintiffs, under the circumstances, need not be discussed at this time. It is undoubtedly true that a proceeding for specific performance must be pursued in the ordinary way. If it grows out of a proceeding in court, it may be that it will be carried out by a petition in the nature of a bill. I do not pass upon that. If the court has jurisdiction of the whole subject, it has jurisdiction of all the incidental parts of it, and will not let the parties run the risk of being unable to sue in the same court. It may be that there would be a right to proceed in this case by a petition in the nature of a bill to enforce specific performance. That is not passed on because it does not seem to be proper at present.

The pressing point seems to be this, as to whether there has been a proper answer to the rule. The parties, that is, the plaintiffs, have no, and need have no, anxiety as to the nature of the proceeding that will be taken against them. If they have agreed to a certain contract, of course in some shape they have got to carry it out. There is no escape from that. If they have not agreed to it, of course they will not be compelled to carry it out. But the first point is this, the court having all the parties before it, having the attorneys before it, is bound to see that no injustice

Salcedo v. Gonzalez.

is done in the different steps that are taken in the case, and when the court directs that the plaintiffs shall appear in person or by attorney in fact, the court means just exactly what it says. It may very well be that the plaintiffs can appear by attorney. If there is conflict, if one attorney cannot appear, there may be a proper way of having another attorney, but the first step is this, that the plaintiffs have to obey the order of the court, that is to say, they must appear in person or by an attorney-in-fact. Now the only way that they have appeared is by attorney or attorneys who profess to represent—and I do not question that they do represent—a person who makes oath, that he is the attorney in fact. The only evidence before the court, therefore, that he is the attorney in fact is that he swears to it, and that is the only way that these plaintiffs appear at all. Now an agency cannot be established by the agent himself. There might be some extreme cases, but certainly where there are a dozen parties to the instrument the court cannot pick out one who says that he is the attorney in fact and let his oath prove it. That would not be a full return.

I do not think there has been a proper return to this rule as yet. I do not want to treat it as a contempt, because I can see that it was all done in the best of faith. I will do this. I will not make any order on the return. I will simply ask on what day, whether to-morrow or day after, the parties can be here, and adjourn the further hearing until then. If I acted right now, I might have to consider that the parties had not conformed to the rule, and I do not want to do that. This case will be continued until to-morrow. If any showing is then made to me on behalf of anybody who cannot get here, I will take it up, but it seems that there are two parties present and the marshal can

Salcedo v. Gonzalez.

notify the others. When they come they are entitled to be represented by any counsel that they see proper on this point of whether they ratified this contract or not. That seems to be a point of dispute. If they did ratify the contract, they probably would be bound; and if hey did not, they would not be. And as to that particular point Mr. Molina would not be a proper attorney to represent them. I do not understand that he would want to represent them. Whoever appears at that time as representing them, I will be very glad to hear. I simply want to remove any doubt as to what their coming here themselves means. The order requires them to come here in person, but it does not take from them the right to appear by attorney and be examined or cross-examined by counsel. And if to-morrow morning at 10 o'clock any showing is made that they cannot get here, I will take that into account.

On examining the rule to show cause in the light of the facts as presented upon the hearing, it may be well to say that it was never intended to compel the plaintiffs to execute a deed. That could only be done in the regular way. The reason for issuing the rule was that the allegation was made that the plaintiffs, through their attorney, had agreed to a certain stipulation with the defendant, and, as a consequence of this agreement, the defendants had not taken the proper steps to appeal the case, so that when the plaintiffs refused ultimately to carry out the agreement, which legally they had a right to do, the defendants were left in a worse position than they were, having lost their right through lapse of time in regard to an appeal. The court thought it right under these circumstances to have the plaintiffs appear and state whether or no the compromise was to be carried out, so that if it is not to be carried out, the court could, so far

as might be within its power, by setting aside the decree or otherwise, reinstate the defendants to the position which they occupied before the stipulation was made. Beyond that the court had no intention of going, and will not now, or in any case, compel the specific performance of a contract except on proper pleadings. It seems that to-day all the parties are present by F. H. Dexter, H. G. Molina, and H. R. Francis, attorneys, respectively without any question of attorney in fact. Being all before the court, the matter can be gone into properly.

All parties announce that they have agreed upon a settlement, and the return filed yesterday is withdrawn and further proceedings are dismissed. The clerk will enter an order discharging the rule.